UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------
LYNN L. BOHNET,

                      Plaintiff,                      **MEMORANDUM AND ORDER**
                                                              **12-CV-1989 (DRH)(ARL)**

      -against-

VALLEY STREAM UNION FREE SCHOOL
DISTRICT 13, ELIZABETH LISON,
CHRISTINE ZERILLO and FRANK HUPLONSKY,

                      Defendants.

--------------------------------------------------------X

**APPEARANCES:**

**For the Plaintiff:**
**Famighetti & Weinick, PLLC**
68 South Service Road, Suite 100
Melville, NY 11747
By:    Matthew Brian Weinick, Esq.

**For the Defendants:**
**FRAZER & FELDMAN, LLP**
1415 Kellum Place, Suite 201
Garden City, NY 11530
By:    Joseph W. Carbonaro, Esq.

**HURLEY, Senior District Judge:**

       Plaintiff Lynn Bohnet ("plaintiff") commenced this action against defendants Valley Stream Union Free School District 13 (the "District"), Elizabeth Lison, Christine Zerillo, and Frank Huplonsky (collectively "defendants") asserting claims of discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), the Fourteenth Amendment as enforced by § 1983, and the New York State Human Rights Law, Human Executive Law § 296.

       Presently before the Court are defendants' motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and plaintiff's cross-motion to file an

amended complaint pursuant to Rule 15. For the reasons set forth below, defendants' motion to dismiss the Complaint is granted and plaintiff's motion to file an amended complaint is denied.

## BACKGROUND

The following facts are taken from plaintiff's proposed amended complaint ("PAC").

Bohnet holds a permanent certificate in teaching for pre-kindergarten, kindergarten, and elementary grades 1-6. At all relevant times, she was over the age of 40.

In January 2005, Bohnet began working for District 13 as a Fourth Grade Inclusion Teacher in a leave replacement position, i.e., "a position for which a teacher is hired for a temporary time to fill a position vacated by a permanent teacher who has taken a leave of absence." (Compl. ¶¶ 12-13.) Leave replacement positions are not tenure track positions. According to Bohnet, throughout her employment with the District she performed in an exemplary manner and received outstanding evaluations and reviews from principals, parents, and peers.

For the 2006-07 school year, Bohnet worked as a sixth grade leave replacement teacher at the Wheeler Avenue School. In September 2006, Bohnet applied for three tenure track positions within District 13, but she was not interviewed or hired for any of the positions. Bohnet claims, however, that the District hired individuals who were younger than she was and upon information and belief under the age of 40. In May 2007, Bohnet applied for a tenure track position at the Willow Avenue School, but the District selected a younger applicant. Bohnet, however, secured another leave replacement position for the 2007-08 school year.

In the summer of 2008, Bohnet applied for three more tenure track positions, including one at the Wheeler Avenue School and one at the Howell Road School, however the District hired younger applicants who were upon information and belief under the age of 40. As a result,

for the beginning of the 2008-09 school year, Bohnet worked as a permanent substitute teacher at Wheeler Avenue. In the fall of 2008, Bohnet met with Zerillo, the principal of the Wheeler Avenue School to discuss the reasons that she was not hired for the tenured position. Zerillo told Bohnet that she "did not interview well, but said that she believed Bohnet was highly qualified and should receive the next open position in the District." (*Id*. ¶ 25.) In December of 2008, Bohnet applied for a tenure track position at the Howell Road School and interviewed with the school's principal, Huplonsky. The District, however, again hired a younger applicant upon information and belief under the age of 40. According to Bohnet, that applicant does not hold a permanent teaching certificate.

Shortly after her interview at the Howell Road School, Bohnet complained to superintendent Lison that the District's hiring process was favoring younger applicants. Lison told plaintiff "that the hiring decisions are made by the school principals and that Bohnet should try working in different schools so the principals could get to know her." (*Id*. ¶ 29.) After the meeting, Bohnet participated in a conference call with Zerillo and Huplonsky regarding a leave replacement position at Howell Road. During the call, Zerillo told Bohnet that she would "always have a permanent substitute position at Wheeler Avenue." (*Id*. ¶ 29B.) Thereafter, Huplonsky hired plaintiff for the leave replacement position.

In June 2009, Bohnet applied for a tenure track position at Howell Road, but Huplonsky hired a younger applicant upon information and belief under the age of 40 who did not have a permanent certification and was less experienced than Bohnet. In that same month, plaintiff emailed Zerillo requesting consideration for one of the permanent substitute positions available at Wheeler Avenue. Zerillo, however, hired younger teachers upon information and belief under

the age of 40 some of whom did not have any experience in the district and were less qualified than Bohnet.

At the end of the 2008-09 school year, the Howell Road leave replacement ended and plaintiff was not rehired into any position with the District. Plaintiff continues to work as a per diem substitute teacher on an "as needed" basis. Between May and September of 2010, plaintiff applied for three tenure track positions for the 2010-11 school year, but the District selected younger less qualified teachers for each position, some of whom did not hold permanent teaching certifications. In October of 2011, plaintiff applied for a tenure track position at Howell Road, but Huplonsky hired a younger teacher upon information and belief under the age of 40 despite the fact that Bohnet had taught the same position as a leave replacement in 2009. In June and July of 2012, Bohnet applied for five leave replacement and probationary positions, though she did not receive an interview for any of the positions.

## DISCUSSION

**I.** *Motion to Amend Standard*

Rule 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P 15(a)(2). An "[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002); See *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). A motion to amend a complaint may be denied, however, if the amendment would be futile. See *Foman v. Davis*, 371 U.S. 178, 182 (1962) (outlining factors to consider when determining a motion seeking leave to amend a complaint, including undue delay, bad faith, dilatory motive, repeated failure to remedy deficiencies in the complaint, undue prejudice to the defendant, or futility). "A proposed amendment to a pleading is deemed to be futile if the

amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis." *Kirk v. Heppt*, 423 F. Supp. 2d 147, 149 (2d Cir. 2006) (citing *Oneida Indian Nation of New York v. City of Sherrill*, 337 F.3d 139, 168 (2d Cir. 2003).

## II.     *Motion to Dismiss Pursuant to Rule 12(b)(6) Standard*

In recent years, the Supreme Court has clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6).

First, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 561. Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 555 (citations and internal quotation marks omitted).

More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court provided further guidance, setting a two-pronged approach for courts considering a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (*citing Twombly*, 550 U.S. at 555).

5

Second, "[w]hen there are well-pleaded factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

*Id.* at 678 (quoting and citing Twombly, 550 U.S. at 556–57) (internal citations omitted). In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Generally, in deciding a motion to dismiss pursuant to Rule 12(b)(6), the court may only consider facts stated in the complaint or "[d]ocuments that are attached to the complaint or incorporated in it by reference." *Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir. 2007); *see also Gillingham v. Geico Direct,* 2008 WL 189671, at *2 (E.D.N.Y. Jan.18, 2008). Although defendants have attached materials outside of the PAC to its motion papers, the Court has not considered these extraneous materials in its analysis.

## III.    *Whether Plaintiff's Amendments Would Be Futile*

Defendants argue that the Complaint should be dismissed because it fails to state a claim under Rule 12(b)(6). Additionally, defendants argue that allowing plaintiff to file its PAC would be futile as it also fails to state a claim under Rule 12(b)(6). Since the PAC contains all of the

facts stated in the original Complaint plus additional facts, if the Court finds that the PAC fails to state a claim under Rule 12(b)(6), then the Complaint fails as well. As a result, the Court will analyze only whether plaintiff's PAC contains sufficient facts to withstand a 12(b)(6) motion.

### A. Plaintiff's ADEA Claims

#### 1. Plaintiff's Discrimination Claims Under the ADEA

In *Gross v. FBL Financial Services, Inc.*, the Supreme Court held that "a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action." 557 U.S. 167, 180 (2009). In other words, the ADEA does not authorize mixed-motive age discrimination claims. *Id*. at 175.

Here, defendants argue that "[i]t would be nearly impossible to conclude that the allegations set forth in the [PAC] make it plausible that had Plaintiff been under age 40, she would have been hired (i.e., that 'but for' her age at a given time . . . she would have been hired) for a tenure track position." (Defs.' Mem. in Supp. at 14.) The Court agrees. What is required at the motion to dismiss stage is that the complaint contain sufficient facts to make plausible the conclusion that "but for" her age plaintiff would have been hired. In the PAC, Plaintiff alleges only that she applied for many positions in the District while she was over the age of forty and that the District did not hire her for those positions but hired younger individuals under the age of 40. These allegations "lack[] the specificity required to be 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.' " *Deylii v. Novartis Pharmaceuticals Corp.*, 2014 WL 2757470, at *8 (S.D.N.Y. Jun. 16, 2014) (citing *Iqbal*, 556 U.S. 678). Particularly, plaintiff does not provide any details about the identity of the individuals that the District hired or their particular ages. *See id*. (citing *Adams v. New York State Educ. Dep't*, 752 F. Supp. 2d 420, 465

(S.D.N.Y. 2010) (dismissing age discrimination claim where allegation that plaintiff was replaced by younger teachers lacked specificity regarding identity of replacements or their ages)). Facts regarding the ages of the individuals that the District hired bear on plaintiff's claim because as noted in *Adams*, "if a 40 year old were replaced by a 38 year old teacher, that would not give rise to any inference of age discrimination." 752 F. Supp. 2d at 465; *Ndremizara v. Swiss Re American Holding Corp.*, 2014 WL 941951, at *12 (S.D.N.Y. Mar. 11, 2014) (citing *Munoz-Nagel v. Guess, Inc.*, 2013 WL 1809772, at *7 (S.D.N.Y. Apr. 30, 2013)) (dismissing ADEA claim where "there [was] a very real question whether Plaintiff [had] plausibly alleged that Defendant filled [position] with a person *significantly* younger and/or less qualified than Plaintiff" (emphasis added)). Moreover, "[a]lthough Plaintiff is entitled to plead facts upon information and belief, she has failed to accompany her allegations with respect to her age discrimination claim with a statement of the facts upon which the belief is founded." *Munoz-Nagel*, 2013 WL 1809772 at *7. Without more specificity regarding the individuals that the District hired, the PAC does not support an inference that the District discriminated against plaintiff because of her age.[1]

Furthermore, plaintiff's PAC lacks any other allegations that would aid in stating a plausible claim of discrimination. For example, she does not allege that "any member of the District made any discriminatory comments relating to [her] age," or even that "any member of

---

[1] Additionally, plaintiff has not alleged that defendants were aware of plaintiff's age or the age difference between plaintiff and the other applicants when they made the hiring decisions at issue. *See Ndremizara*, 2014 WL 941951, at * 11; *see also Andretta v. Napolitano*, 922 F. Supp. 2d 411, 418-19 (E.D.N.Y. 2013) ("Plaintiff may satisfy his minimal *prima facie* burden merely by showing that Defendant knew of the applicants' age difference and treated younger applicants more favorably than Plaintiff."); *see also Edwards v. William Raveis Real Estate, Inc.*, 2010 WL 3829060, at *5 (D. Conn. Sept. 22, 2010) ("As a threshold matter, [plaintiff] cannot support her inference of age discrimination without evidence that [defendants] were aware of the age difference between [plaintiff] and [plaintiff's replacement]" when they decided to fire plaintiff).

the District engaged in any overt discriminatory conduct toward the plaintiff concerning [her] age." *Avgerinos v. Palmyra-Macedon Central School District*, 690 F. Supp. 2d 115,130-31 (W.D.N.Y. 2010). In addition, the PAC does not allege "that other older applicants were denied appointments or that only younger workers are employed." *Id*. The Complaint in *Roginsky v. County of Suffolk, New York*, 729 F. Supp. 2d 561 (E.D.N.Y. 2010), a case relied upon by plaintiff where this Court denied defendant's motion to dismiss, is easily distinguishable from plaintiff's PAC here. In *Roginsky*, the Court found that the complaint had sufficiently alleged discrimination because it contained allegations that defendant's employee made discriminatory comments to the plaintiff about plaintiff's age, but plaintiff has not made any similar allegations here. Here, the PAC fails to state a claim of ADEA discrimination. Therefore, plaintiff's motion to amend is denied and her ADEA discrimination claim is dismissed. Since plaintiff's § 1983 discrimination claim is analyzed under the same framework as her ADEA claim, her § 1983 claim must fail as well. *See Siani v. State Univ. of New York at Farmingdale*, 2014 WL 1260718, at * 11 (E.D.N.Y. Mar. 28, 2014) (citing *Back v. Hastings on Hudson Union Free School Dist.*, 365 F.3d 107, 123 (2d Cir. 2004); *Clemmons v. Stuyvesant High School*, 2006 WL 4888057, at *6 (S.D.N.Y. Oct. 12, 2006).

    **2.**    **Retaliation Under the ADEA**

The Court analyzes retaliation claims under the ADEA using the same "burden-shifting" formula from Title VII employment discrimination claims. *See Kessler v. Westchester Cnty. Dep't of Social Servs.,* 461 F.3d 199, 205 (2d Cir. 2006).

To make out a *prima facie* case of retaliation, plaintiff must establish "evidence sufficient to permit a rational trier of fact to find [1] that she engaged in protected participation or opposition under [the ADEA], [2] that the employer was aware of this activity, [3] that the

employer took adverse action against the plaintiff, and [4] that a causal connection exists between the protected activity and the adverse action, *i.e.,* that a retaliatory motive played a part in the adverse employment action." *Id*. at 205–06 (citation omitted).

"If a plaintiff sustains the initial burden, a presumption of retaliation arises. In turn, under the second step of the burden-shifting analysis, the onus falls on the employer to articulate a legitimate, non-retaliatory reason for the adverse employment action." *Jute v. Hamilton Sundstrand Corp.,* 420 F.3d 166, 173 (2d Cir. 2005). "[O]nce an employer offers such proof, the presumption of retaliation dissipates and the employee must show that retaliation was a substantial reason for the adverse employment action." *Id*.

Defendants argue that "[t]here is no allegation in the [PAC] which makes plausible the finding that Defendants retaliated against Plaintiff following her comment to Superintendent Lison that she thought [the] District['s] hiring practice favored younger applicants." (Defs.' Reply at 14.) Plaintiff, however, insists that retaliation is apparent from the fact that after she complained to Lison she failed to obtain positions for which she applied. The sequence of events, however, is not enough to sustain plaintiff's retaliation claim. Plaintiff alleges that she complained to Lison in December of 2008, but she does not allege that she experienced any adverse action following that complaint until June 2009 when she applied for a tenure track position at the Howell Road School but was denied that position. The alleged discriminatory act in June 2009 is simply too attenuated to plaintiff's complaint to Lison to support a retaliation claim. Indeed, "many of the decisions in this Circuit that have addressed the issue [of retaliation] have held that a passage of more than two months between the protected activity and the adverse employment action does not allow for an inference of causation." *Knox v. Town of Southeast*, 2014 WL 1285654, at *10 (S.D.N.Y. Mar. 31, 2014) (collecting cases). Here, the passage of

approximately six months between plaintiff's complaint and the alleged adverse action does not allow for an inference of causation, especially where plaintiff has not alleged any other facts from which retaliation can be inferred. As a result, plaintiff has not alleged a plausible ADEA retaliation claim. Accordingly, defendants' motion to dismiss this claim is granted and plaintiff's motion to amend is denied. Furthermore, to the extent plaintiff's PAC can be liberally construed to allege a § 1983 retaliation claim, this claim must also fail for the same reasons her ADEA retaliation claim fails. *Rozenfeld v. Dep't of Design & Const. of City of New York*, 875 F. Supp. 2d 189, 207 (E.D.N.Y. 2012) ("Plaintiff fails to establish a *prima facie* case for retaliation under § 1983 for the same reasons his . . . ADEA claims fail."); *Dimitracopoulos v. City of New York*, 2014 WL 2547586, at *12 (E.D.N.Y. Jun. 4, 2014) (analyzing § 1983 retaliation claim under the same standards as ADEA retaliation claim).

### B. Plaintiff's New York State Human Rights Law Claim

Plaintiff withdraws her state law claims against the District, but asserts that her NYSHRL claims against the individual defendants are proper. However, since "[e]mployment discrimination claims brought under . . . the NYSHRL . . . are generally analyzed under the same evidentiary framework that applies to . . . ADEA claims," plaintiff's NYSHRL claims must also fail.[2] *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 409 (S.D.N.Y. 2012) (internal quotation marks and citation omitted); *Knox*, 2014 WL 1285654, at *14, n.20 ("It is well-settled that the elements of an employment discrimination claim are essentially the same under the NYSHRL and its federal counterparts.") (citing *Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1180 (2d Cir. 1992)). Similarly, since the Court analyzes NYSHRL retaliation claims

---

[2] Guided by the Second Circuit's analysis in *Gorzynski v. Jetblue Airways Corp.*, the Court assumes that the *Gross* holding "affects the scope of the NYHRL as well as the ADEA." 596 F.3d 93, 106, n.6 (2d Cir. 2010).

under the same framework as the ADEA, plaintiff's NYSHRL retaliation claim must fail as well. *Apionishev v. Columbia Univ. in City of N.Y.,* 2012 WL 208998, at *7 (S.D.N.Y. Jan. 23, 2012). Accordingly, plaintiff's NYSHRL claims are dismissed and her motion to amend is denied as futile.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted and plaintiff's motion to amend is denied. The clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
      July 14, 2014

_____/s/_____
Denis R. Hurley
United States District Judge